# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **Pursell Holdings, LLC,** | ) **Case No. 11-40999** |
| | ) |
| **Debtor.** | ) |

## ORDER GRANTING MOTION FOR BANKRUPTCY COURT TO ABSTAIN FROM TAKING JURISDICTION OF DEBTOR'S MOTION TO ENFORCE DISCHARGE INJUNCTION (ECF No. 298) AND DENYING MOTION TO ENFORCE THE DISCHARGE INJUNCTION (ECF No. 291) WITHOUT PREJUDICE

Reorganized Debtor, Pursell Holdings, LLC ("Pursell Holdings"), moved to reopen this closed chapter 11 bankruptcy case so that it could file a motion to enforce the discharge injunction against respondents, North River Holdings, LLC; Southern Platte Holdings, LLC; David Barth, and John Barth (collectively, the "Southern Platte Parties") (ECF No. 287). The court reopened the case, and Pursell Holdings thereafter filed its Motion to Enforce Discharge Injunction (ECF No. 291), along with suggestions in support (ECF No. 292). The Southern Platte Parties oppose the motion, arguing that the underlying issues can and should be decided by the judge presiding over the state court litigation that has been pending for more than three years and is ready for trial. For the reasons that follow, this court will abstain and authorize the state court to decide any tangentially-related bankruptcy issues, including an alleged discharge injunction violation.

### *Preliminary Procedural Issue*

At this court's status hearing held on August 27, 2019, counsel for Pursell Holdings requested an additional hearing to put on evidence and to present oral argument, due to the "complexity" of the case. Counsel also stated on the record, however, that he agreed to the authenticity of all the state court pleadings attached to the filings in this case and did not specify any particular additional evidence he wished to present. Likewise, neither side contested the

court's authority to take judicial notice of the pertinent state court filings. Holding another hearing would not materially assist the court because (1) there is no requirement there be evidence on a motion to abstain; (2) the state court pleadings sufficiently set out the issues; and (3) the matter is simply not that complex. For those reasons, the court denied Pursell Holdings' request for an opportunity to present evidence and oral argument.

### *Factual Background*

North River Holdings, LLC ("North River") is a residential real estate development limited liability company created in 2005. It had two members: Pursell Holdings (the debtor in this bankruptcy case) and Southern Platte Holdings, LLC ("Southern"), each holding a fifty percent interest in the company. Southern is owned by David and John Barth.

Pursell Holdings filed this chapter 11 bankruptcy case on March 10, 2011. At the time of the bankruptcy filing, whatever interest Pursell Holdings held in North River became an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541.

In January 2012, the Honorable Jerry W. Venters of this court, now retired, entered an Order Approving Debtor's First Amended Disclosure Statement and Confirming Debtor's First Amended Plan of Reorganization (ECF No. 263). As relevant here, the plan provided for a revesting of the estate assets, including the debtor's interest in North River, in Pursell Holdings as the reorganized debtor. About a year later, on January 3, 2013, this court entered a Chapter 11 Final Decree declaring the bankruptcy estate to have been fully administered and closed the case (ECF No. 285). There appears to be no dispute that the Southern Platte Parties received notice of the events and filings in Pursell Holdings' bankruptcy. According to Pursell Holdings, it continues to pay creditors as provided in the confirmed plan.

According to Pursell Holdings, in 2014, after the bankruptcy case was fully administered and closed, the Southern Platte Parties unilaterally terminated Pursell Holdings' membership in North River and adopted a resolution to liquidate North River. Sometime in 2015, according to Pursell Holdings, the Southern Platte Parties then caused North River to transfer its assets to an entity owned by the Barths, Elmcreek Development, Inc., for less than fair value. Pursell Holdings alleges that, to justify these actions, the Southern Platte Parties took the position that Pursell Holdings was dissociated from North River as a result of the bankruptcy filing.

On March 10, 2016, Pursell Holdings filed a lawsuit against the Southern Platte Parties (and others, including Elmcreek Development) in the Circuit Court of Clay County, Missouri.[1] To briefly summarize, Pursell Holdings is alleging that the Southern Platte Parties (and others) have wrongfully deprived Pursell Holdings of its control and ownership interest in North River by, *inter alia*, refusing to allow Pursell Holdings to participate in North River's decision making, refusing to give Pursell Holdings access to North River's books, and stripping Pursell Holdings of its membership and voting rights in North River.

In very simple terms, as relevant here, the Southern Platte Parties have offered two primary justifications to the state court for their actions in connection with North River: (1) that Pursell Holdings' membership interest in North River was diluted when Pursell Holdings failed to make capital contribution calls and, since Southern now holds the majority of the membership interest in North River, it is properly in control of the company; and (2) that Pursell Holdings' bankruptcy filing caused its dissociation from North River under the terms of North River's operating agreement and state law and, and that Pursell Holdings lost its ownership interest and voting rights in the company as a result.

---

[1] Case No. 16CY-CV01836.

More than three years after filing the state court lawsuit, and on the eve of a jury trial, Pursell Holdings moved this court to reopen its bankruptcy case. Pursell Holdings argues that its fifty percent interest in North River revested in it upon confirmation of the plan and that the Southern Platte Parties' position in state court that the bankruptcy filing operated as a dissociation of Pursell Holdings from North River violates the bankruptcy discharge injunction (ECF No. 287). Pursell Holdings further argues that North River is an asset which was expected to contribute to the payment of creditors under the plan. The Southern Platte Parties request that the bankruptcy court abstain and allow the state court litigation to proceed on all matters pending there. Although this court does not have the benefit of having all the state court filings,[2] based on the documents each party submitted, both appear to have raised common law defenses of estoppel and notice related to actions taken and not taken both during and after the bankruptcy proceeding.

## *Discussion*

28 U.S.C. § 1334(a) gives the federal courts "original and exclusive jurisdiction over cases under title 11"[3] – in other words, bankruptcy cases themselves. Section 1334(b) gives federal courts *non*-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[4] Such civil proceedings are divided into two categories: core proceedings and non-core, related-to proceedings.[5] Core proceedings are those cases arising under title 11, or arising in a case under title 11.[6] Non-core, related-to proceedings are those which "could conceivably have [an] effect on the estate being administered in bankruptcy."[7]

---

[2] The court specifically informed the parties at the first status conference held on July 30, 2019 that it did not have access to the state court filings and expressly stated when setting a briefing scheduling that if there were state court filings they wanted the court to consider that they needed to attach them to their filings.

[3] 28 U.S.C. § 1334(a).

[4] 28 U.S.C. § 1334(b).

[5] *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1017 (8th Cir. 2009) (citation omitted).

[6] *Id.* (citation omitted).

[7] *Id*. (citation omitted).

4

Pursell Holdings has made it clear it is not asking this court to decide whether its membership interest was diluted due to contribution calls or any other state law issues involved in what it has described as a "a garden variety shareholders/members dispute,"[8] over which this court lacks jurisdiction. Instead, in an attempt to invoke this court's jurisdiction, Pursell Holdings is claiming that the Southern Platte Parties have violated the bankruptcy discharge injunction.

The bankruptcy discharge injunction is found in § 524(a) of the bankruptcy code, which provides, in its entirety:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.[9]

---

[8] *See, e.g.*, *Motion to Reopen Chapter 11 Case to Enforce Discharge Injunction* (ECF No. 287) at ¶ 4; *Motion to Enforce Discharge Injunction* (ECF No. 291) at ¶ 4; *Pursell Holdings, LLC's Reply in Support of its Motion to Enforce Discharge Injunction and Reply to Respondents' Objection to Motion to Enforce Discharge Injunction* (ECF No. 310) at 1, 3.

[9] 11 U.S.C. § 524(a). The confirmed plan contains similar language (ECF No. 218 at ¶ 7.2).

In other words, a bankruptcy discharge: voids judgments to the extent they determine the personal liability of a debtor (§ 524(a)(1)); enjoins any action or act to collect a debt as a personal liability of a debtor (§ 524(a)(2)); and enjoins collection of community claims from the property of a debtor (§ 524(a)(3)). A bankruptcy court has jurisdiction to decide whether a creditor has violated the discharge injunction.[10]

Despite having labeled the Southern Platte Parties' actions as a "discharge violation," Pursell Holdings is not arguing that the Southern Platte Parties have done any of the specific actions prohibited by § 524. As a result, this court questions whether the Southern Platte Parties' alleged actions fall within the discharge injunction.[11] Rather, what Pursell Holdings is really arguing is that the Southern Platte Parties have wrongfully taken Pursell Holdings' ownership interest in North River and that they may have done so in violation of the chapter 11 plan and this court's order confirming the plan which revested that interest in Pursell Holdings.[12] While this court does not view this as a violation of the discharge injunction, this court also has jurisdiction to interpret the plan and its order confirming the plan.[13]

---

[10] *Meyer v. Kansas Dept. of Labor* (*In re Meyer*), 521 B.R. 918, 925 n. 18 (Bankr. W.D. Mo. 2014) (citing 28 U.S.C. § 157(b)(1); *Stern v. Marshall,* 564 U.S. 462, 131 S.Ct. 2594 (2011); *Executive Benefits Ins. Agency v. Arkison,* 573 U.S. 25, 134 S.Ct. 2165 (2014); *Moffitt v. America's Serv. Co.* (*In re Mofitt*), 406 B.R. 825, 830 (Bankr. D. Ark. 2009)).

[11] Moreover, even if Pursell Holdings is correct in pleading this as a discharge violation, the court questions whether it meets the heightened pleading standards for such a cause of action as set out in *Taggert v. Lorenzen*, 139 S.Ct. 1795 (2019) (holding that, in order to hold a creditor in civil contempt for violating a discharge order, the debtor must show there was no objectively reasonable basis for concluding that the creditor's conduct might be lawful). *See also Moore v. Automotive Fin. Corp.*, 2019 WL 3323328 (N.D. Ala. July 24, 2019) (applying *Taggart*'s "no objectively reasonable basis" standard).

[12] Indeed, Pursell Holdings stated in its *Motion to Enforce Discharge Injunction* (ECF No. 291) at ¶ 4, that, in *this* court, "[t]he Reorganized Debtor is seeking only to enforce the provisions of the disclosure statement, plan and confirmation order vesting in the Reorganized Debtor the membership interest in North River Holdings, LLC." It likewise said in its *Reply in Support of its Motion to Enforce discharge Injunction and Reply to Respondents' Objection to Motion to Enforce Discharge Injunction* (ECF No. 310) at p. 8, that "Pursell Holdings submits that only the federal law questions regarding the Plan and Confirmation Order that vested the membership interest in North River in the reorganized debtor are before this Court."

[13] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 2205 (2009).

When Congress enacted 28 U.S.C. § 1334(b) giving bankruptcy courts jurisdiction over bankruptcy-related matters, it "granted state courts concurrent jurisdiction to consider bankruptcy issues arising from Chapter 11 proceedings."[14] Indeed, according to the Eighth Circuit, a debtor's fresh start is effected through the enforcement of a confirmed plan and the discharge injunction, and the state courts are "fully competent to determine whether the plan and injunction apply" to claims involving the debtor.[15]

The Southern Platte Parties thus ask this court to abstain so that the matters can all be decided in the state court where they have been pending for more than three years. Section 1334 contains two provisions regarding a bankruptcy court's abstention from hearing state court-related matters. Subsection 1334(c)(2), referred to as the "mandatory abstention" provision, provides, in relevant part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[16]

In other words, the bankruptcy court is required to abstain if "(1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a related (non-core) proceeding; (4) absent § 1334(b), the cause of

---

[14] *In re Apex Oil Co., Inc.*, 406 F.3d 538, 543 (8th Cir. 2005).
[15] *Id.* at 543. *See also In re First State Bank of Roscoe*, 914 F.3d 1129, 1138-39 (8th Cir. 2019) (reiterating *Apex Oil*'s holding that state courts have concurrent jurisdiction to determine whether the plan and injunction apply to claims, but holding that *Apex* did not purport to *disempower* the bankruptcy court to enforce its own orders); *In re Skyline Woods Country Club, LLC*, 431 B.R. 830, 835-36 (B.A.P. 8th Cir. 2010) (holding that matters not committed to the exclusive jurisdiction of the federal courts are subject to the concurrent jurisdiction of state courts and that the state court had jurisdiction to interpret the bankruptcy court's sale order); *In re Stabler*, 418 B.R. 764, 770 (B.A.P. 8th Cir. 2009) (holding that the state court had concurrent jurisdiction to determine the dischargeability of certain debts).
[16] 28 U.S.C. § 1334(c)(2).

action . . . could not have been commenced in a federal court; and (5) the proceeding is commenced and can be timely adjudicated in a state forum."[17]

No one disputes that the Southern Platte Parties' motion to abstain is "timely," and the court finds that it is.[18] Pursell Holdings concedes the dispute concerning the dilution of its membership interest based on capital contribution calls is purely a state law issue, and thus, appears to concede mandatory abstention would apply to those state law issues. The interpretation of the confirmed plan is not, however, entirely "based upon a state law claim or state law cause of action." As a result, mandatory abstention is not applicable to the issue of whether the Southern Platte Parties have acted in contravention of the confirmed plan.

Subsection 1334(c)(1) provides a second basis for abstention, known as "permissive abstention." That section provides, in relevant part, that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."[19]  "Because the statute provides only general standards for determining whether abstention is appropriate, *i.e.,* 'in the interest of justice, or . . . comity,' courts have been guided by 'well developed notions of judicial abstention,' which include the premise that federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule."[20]

---

[17] 1 *Collier on Bankruptcy* ¶ 3.05[2] (Richard Levin & Henry J. Sommer eds.,16th ed.) (footnotes omitted).
[18] Pursell Holdings filed its Motion to Enforce Discharge Injunction on June 6, 2019, and agreed to extend the time for the Southern Platte Parties to respond to that motion to July 15, 2019 (ECF Nos. 296 and 297). The Southern Platte Parties filed their objection to the motion, along with the motion to abstain, on July 15, 2019 (ECF Nos. 298 and 299).
[19] 28 U.S.C. § 1334(c)(1).
[20] *In re Williams*, 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) (citations and footnote omitted).

Factors courts consider in determining whether permissive abstention include:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficult or unsettled nature of the applicable law,

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than the form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.[21]

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative."[22]

---

[21] *In re Stabler*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams*, 256 B.R. at 893-94); *see also Enslein v. Johnston*, 2018 WL 1508877 at *4 (W.D. Mo. March 27, 2018) (listing similar factors).

[22] *In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co*, 6 F.3d 1184, 1189 (7th Cir. 1993) (cited by *Stabler*, 418 B.R. at 769 n. 10); *see also Enslein v. Johnson*, 2018 WL 1508877 at *4 ("No one factor is determinative, and the relevance and importance of each factor varies depending on the facts of each case.") (citation omitted).

Addressing each factor in turn:

- ***The effect or lack thereof on the efficient administration of the estate***

Simply put, since the plan has been confirmed and the case fully administered, there is no longer a bankruptcy estate to be administered. This factor weighs heavily in favor of abstention.

- ***The extent to which state law issues predominate over bankruptcy issues***

Although the state court litigation does have a bankruptcy component, state law issues predominate over the litigation as a whole. Indeed, that is undoubtedly why Pursell Holdings chose the state court as the forum in which to litigate. This factor weighs heavily in favor of abstention.

- ***The difficult or unsettled nature of the applicable law***

As to the third factor, counsel for Pursell Holdings suggests that the state court judge would prefer this court to decide the bankruptcy issues because she does not "speak bankruptcy." But the partial transcript of the hearing in which the judge made that remark shows that counsel for the Southern Platte Parties and another defendant in the state court action, Platte Valley Bank of Missouri, unnecessarily complicated matters by suggesting to the judge there was a bankruptcy trustee, there was a standing problem, and that a bankruptcy estate would be affected by the litigation.[23] None of those "suggestions" are accurate and this court is not sure why counsel for Pursell Holdings was unable to effectively communicate that to the state court judge.

In any event, the reopening of this case did not create a new estate; neither is a bankruptcy trustee involved nor will anything be sold in connection with this bankruptcy case. The only bankruptcy-related issues this court perceives here are (i) whether the bankruptcy code or

---

[23] Partial transcript attached to *Pursell Holdings LLC' Response to Motion for Bankruptcy Court to Abstain from Taking Jurisdiction of Debtor's Motion to Enforce Discharge Injunction* (ECF No. 304-1).

confirmed plan override North River's operating agreement and state law providing for an automatic dissociation of Pursell Holding's interest in North River; and (ii) what ownership interest was "revested" in Pursell Holdings upon confirmation of the plan.

On the first point, the state court judge is more than capable of interpreting the law concerning such *ipso facto* clauses in operating agreements (clauses providing for some automatic action upon the filing of a bankruptcy or other insolvency related event) and the like. Moreover, given that both sides appear to have raised estoppel and other defenses for whether a disassociation did or did not occur, the state court is also in the best position to decide that issue.

On the second point, confirmation of a plan of reorganization merely creates a new contract between the debtor and its creditors,[24] and the state court judge is likewise keenly capable of interpreting what is in essence just a contract. The state court judge should be able – as all courts must – to rely on the advocates to properly inform her about the bankruptcy issues tangentially related to the state law issues that predominate. And this court is confident that, upon being appropriately informed by counsel for both sides, the state court judge is fully competent to decide these issues. This factor, in the balance, also weighs in favor of abstention.

- ***The presence of a related proceeding commenced in state court or other nonbankruptcy court***

There is indeed a state court proceeding – brought by Pursell Holdings – which: has been pending for more than three years, has been fully briefed for summary judgment (including the bankruptcy-related issues), and was on the eve of trial when this case was reopened. This factor weighs heavily in favor of abstention.

---

[24] *First Nat'l Bank of Oneida, N.A. v. Brandt*, 887 F.3d 1255, 1260 (11th Cir. 2018) ("[A] confirmed plan of reorganization creates a contractual relationship between the debtor and the creditor where [t]he creditor's pre-confirmation claim is subsumed in and replaced by the new contract created by the confirmed plan.") (citations and internal quotation marks omitted).

- ***The jurisdictional basis, if any, other than 28 U.S.C. § 1334***

Pursell Holdings has not argued that there is another independent basis for federal court jurisdiction, such as diversity of citizenship and this court finds none. This factor weighs in favor of abstention.

- ***The degree of relatedness or remoteness of the proceeding to the main bankruptcy case***

This factor typically comes into play when a state court case has been removed to the bankruptcy court because the outcome could affect the administration of the underlying bankruptcy case. In this case, the bankruptcy case was fully administered and closed in 2014 such that there is no main bankruptcy case pending, but for the reopening. This factor weighs in favor of abstention.

- ***The substance rather than the form of an asserted "core" proceeding***

Whether a creditor has violated the discharge injunction is undoubtedly a core proceeding, although, as noted previously, bankruptcy and state courts have concurrent jurisdiction to determine if the injunction was violated. As also noted previously, Pursell Holdings appears to concede that the issue here is not really whether Southern Platte violated the discharge injunction, but is whether Southern Platte violated the terms of the confirmed plan. This court did retain jurisdiction to interpret the order confirming the plan[25] and interpretation of a confirmed plan is a core proceeding.[26]

---

[25] The court is aware that the order purports to retain bankruptcy jurisdiction exclusively, but such a broad retention is not enforceable.

[26] *See* 28 U.S.C. §157(b)(1) (granting authority to bankruptcy judges to hear core proceedings) and specifically 28 U.S.C. §157(b)(2)(A) (administration of the estate); 28 U.S.C. §157(b)(2)(L) (confirmation of plans); 28 U.S.C. §157(b)(2)(O)(other proceedings affecting the adjustment of the debtor-creditor relationship).

Nonetheless, the issue is, in essence, which court in the interests of justice or comity with the state court, should decide the issue. Given, again, that interpretation of the plan and discharge injunction is inextricably intertwined with state law issues of the interpretation of the operating agreement and common law defenses such as estoppel, this factor also weighs in favor of abstention.

- ***The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court***

This factor is not particularly relevant here because there is no "enforcement" issue related to the bankruptcy case. Although the bankruptcy issues could conceivably be severed from the state court issues, doing so would only unnecessarily duplicate and complicate the state court litigation. This factor weighs in favor of abstention.

- ***The burden on the bankruptcy court's docket***

The bankruptcy court's docket is not overly burdened. This factor weighs against abstention.

- ***The likelihood that the commencement of the proceeding involves forum shopping by one of the parties***

As was the case in *In re Stabler*,[27] the likelihood that one of the parties is forum shopping is particularly telling here. It was the debtor, Pursell Holdings, which filed its action in state court. And, although Pursell Holdings suggests that it only recently moved to reopen this bankruptcy case because the Southern Platte Parties argued in their summary judgment pleading that the bankruptcy filing caused Pursell Holdings to be disassociated from North River, that is not true. Indeed, both Pursell Holdings' original petition and its amended petition in the state court contained an entire section entitled, "Chapter 11 Reorganization Did Not Cause Pursell Holdings'

---

[27] 418 B.R. at 770.

Dissociation from North River,"[28] and Pursell Holdings attached its First Amended Disclosure Statement, its First Amended Plan of Reorganization, and the confirmation order to its original petition in state court.[29]

Pursell Holdings, which filed the case in state court, and placed the disassociation squarely at issue from the beginning in that case, does not convincingly explain to this court why it waited more than three years to assert to this court that its disassociation constituted a bankruptcy discharge violation. This court concludes that waiting nearly three years to bring the bankruptcy issues to this court and on the eve of trial is indeed forum shopping. This factor weighs very heavily in favor of abstention.

- ***The existence of a right to a jury trial***

The Southern Platte Parties would not be entitled to a jury trial if the bankruptcy issues had been brought to this court earlier in the proceedings. But all these parties have a right to a jury trial on the underlying state law issues. And those issues are inextricably intertwined with the two bankruptcy issues. This factor likewise weighs in favor of abstention.

- ***The presence in the proceeding of nondebtor parties***

In addition to the Southern Platte Parties, the state court litigation has at least two non-debtor parties: Elmcreek Development Inc. and Platte Valley Bank of Missouri. Those parties should not be required to litigate in two different courts. This factor weighs heavily in favor of abstention.

Finally, although not listed as a factor above, the Eighth Circuit noted in *Apex*, in the context of a motion to reopen, that the length of time between the closing of the bankruptcy estate and the filing of a motion to reopen should be considered, and that "the longer the time between

---

[28] Southern Platte Parties' *Objection to Motion to Enforce Discharge Injunction* (ECF No. 299-1) at 5, 235.
[29] ECF No. 299-1 at 55-209.

the closing of the estate and the motion to reopen . . . the more compelling the reason for reopening the estate should be."[30] This court finds that the six years between the closing of the bankruptcy case and the filing of the motion to reopen weighs, again, heavily in favor of abstention.

### Conclusion

Based on the foregoing, the court concludes that the factors overwhelmingly favor this court's abstaining from this matter pursuant to 28 U.S.C. § 1334(c)(1).

ACCORDINGLY, the Motion for Bankruptcy Court to Abstain from Taking Jurisdiction of Debtor's Motion to Enforce Discharge Injunction (ECF No. 298) is GRANTED; the Debtor's Motion to Enforce Discharge Injunction is DENIED, without prejudice to the state court deciding such issue; specifically, the state court is authorized as necessary and if appropriate to determine whether the bankruptcy court's discharge injunction was violated and whether the order confirming plan was breached, and all issues related thereto. The parties are directed to provide a true and correct copy of this order to the state court. And the clerk of the bankruptcy court is directed to reclose the bankruptcy case.

IT IS SO ORDERED.

s/ Cynthia A. Norton
Chief Judge Cynthia A. Norton

Dated: August 30, 2019

---

[30] *Apex*, 406 F. 3d at 543 (citation omitted).